UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

William Grimm and Jeff Seipel, as Trustees of
the Minnesota Laborers Health and Welfare
Fund and Minnesota Laborers Pension Fund;
James Brady and Keith Kramer, as Trustees of
the Minnesota Laborers Vacation Fund; Tom
Vevea and Gary Reed, as Trustees of the
Construction Laborers' Education, Training,
and Apprenticeship Fund of Minnesota and
North Dakota; and Ronald Thornburg and
Cindy Ecklund, as Trustees of the Minnesota
Laborers Employers Cooperation and
Education Trust; and each of their successors,

Plaintiffs,

vs.

Western Demo and Specialty Contracting, Inc.,

Defendant.

---

Civil File No. 06-3997 MJD/AJB

**FINDINGS OF FACT,
CONCLUSIONS OF LAW, AND
ORDER FOR ENTRY OF DEFAULT**

This matter was heard before the undersigned on the 27th day of February, 2007. Pamela Hodges Nissen of McGrann Shea Anderson Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

## FINDINGS OF FACT

1.      The Summons and Complaint were filed with the Court on October 6, 2006. The service was accomplished upon Defendant on October 24, 2006.

2.      Defendant has failed to file and serve a response or Answer to the Complaint.

3.      Plaintiffs are trustees and fiduciaries of the above-referenced funds (the "Funds").   The Funds are multi-employer plans as defined by 29 U.S.C. ' 1002(37). They are established to provide, *inter-alia*, pension, health and welfare vacation benefits and training to employees doing laborers work in the construction trades, and are maintained for the benefit of workers pursuant to a Collective Bargaining Agreement. All contributions must be made and all reports must be submitted to Zenith Administrators, 2520 Pilot Knob Road, Suite 325, Mendota Heights, MN 55120, as the administrative agent designated by the Trustees.

4.      Defendant was bound to the terms of a Collective Bargaining Agreement between the Laborers District Council of Minnesota and the Minnesota Environmental Contractors Association and the Laborers District Council of Minnesota and North Dakota- on behalf of its affiliated Local Unions.

5.      The Collective Bargaining Agreement obligates employers to make contributions on behalf the bargaining unit employee in the amounts set forth and agreed upon therein.   The employer is required to contribute every month, not later than the 15th day of the following month, such sums for Pension, Health and Welfare, Vacation, Training/Apprenticeship and LECET as is designated in the wage schedule of the agreement for each hour worked by all employees covered by the agreement to the Funds' designated administrator.

6.      The Collective Bargaining Agreement also requires employers to promptly furnish to the Trustees, or the Unions, or their authorized agents, on demand, all necessary employment and payroll records relating to its employees covered by this agreement, including any other relevant information that may be required in connection

with the administration of the Trust Funds.  The Trustees, the Unions, or their authorized agents may examine such employment, or payroll records whenever such examination is deemed necessary by the Trustees, the Unions, or their authorized agents in connection with the proper administration of the Trust Funds.

7.      The Collective Bargaining Agreement and Trust Agreements provide that an employer is liable for an additional 10% of all contributions, which are not timely submitted, for liquidated damages, and also provides that Plaintiffs are entitled to their attorney fees and costs.

8.      Plaintiffs requested that Defendant produce a complete set of all employment and payroll records for audit for the period of January, 2005 through the present for the purposes of auditing the records to determine its compliance with the terms of the Collective Bargaining Agreement.

9.      Defendant has failed and refused to produce the records.

10.     The Collective Bargaining Agreement provides that Plaintiffs are entitled to their reasonable attorney fees and costs of this action.

## CONCLUSIONS OF LAW

1.      Defendant is in default, and Plaintiffs are entitled to Entry of Default.

2.      Defendant has failed to produce a complete set of records as requested by Plaintiffs to allow Plaintiffs to complete an audit of its records for the period of January, 2005 through the present.

3.      Defendant is liable for all liquidated damages and for all delinquent fringe benefit contributions discovered to be due per the audit, and is further liable for Plaintiffs' attorney fees and costs.

3

## ORDER

**IT IS ORDERED**:

1.      That Plaintiffs' Motion for Entry of Default is granted.

2.      That Defendant shall produce for inspection and audit a complete set of the following business records for the period January, 2005 through the present:

     a.  All payroll journals;

     b.  All time cards;

     c.  All Internal Revenue 941 quarterly report forms;

     d.  All Internal Revenue W-2 forms for employees of Defendant and the W-3 forms;

     e.  Defendant's payroll check register and sequential cancelled checks from Defendant's payroll account; and

     f.  All Internal Revenue 1099 and 1096 forms.

3.      Defendant is further ordered to produce for inspection such additional records as are deemed necessary to the performance of such audit by representatives of the Plaintiffs.

4.      Production and inspection shall occur within ten (10) days of entry of this Order at the premises of Zenith Administrators, 2520 Pilot Knob Road, Suite 325, Mendota Heights, MN 55120.

5.      That upon completion of the audit for the period of January, 2005 through the present, pursuant to this Order, if Defendant fails to make payments required by this Order, the Plaintiffs may move the Court for entry of a money judgment in the amount of unpaid contributions, liquidated damages, and reasonable attorney fees and costs, as

4

shown by Affidavit filed with the Court, and the Court shall enter judgment ten days after service of the motion and affidavit on Defendant.

6.      If Defendant fails to make payments required by this Order, the Plaintiffs may move the Court for entry of a money judgment in the amount of unpaid contributions, liquidated damages, and reasonable attorney fees and costs, as shown by Affidavit filed with the Court, and the Court shall enter judgment ten days after service of the motion and affidavit on Defendant.

Dated:  February 27, 2007                    BY THE COURT:


                                             s / Michael J. Davis
                                             The Honorable Michael J. Davis
                                             United States District Court Judge